Filed 10/23/24  Glassman v. Best CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICK GLASSMAN, | |
| Plaintiff and Appellant, | G063067 |
| v. | (Super. Ct. No. 30-2023-01336192) |
| MILTON BEST et al., | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendants and Respondents. | |

It is ordered that the opinion filed October 15, 2024, be modified as follows:

The caption is MODIFIED to reflect that the correct superior court case number is 30-2023-01336192.  The court's opinion inadvertently omitted the final digit of the case number (2).

There is no change in the judgment.

SANCHEZ, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RICK GLASSMAN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MILTON BEST et al.,<br><br>    Defendants and Respondents. | G063067<br><br>(Super. Ct. No. 30-2023-0133619)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Erick L. Larsh, Judge. Dismissed.

LGI and Bradley A. Patterson for Plaintiff and Appellant.

Kenny Law Group and Jeffrey S. Kenny for Defendants and Respondents.

\* \* \*

In this dispute over a residential escrow contract, plaintiff Rick Glassman appeals from the trial court's order expunging a lis pendens that had been recorded by Glassman. His position is this: the contract, which is otherwise subject to arbitration, contains an express carve out for filing a lis pendens in the superior court; however, in Glassman's view, that carve out does not allow defendants Milton and Lorraine Best (the Bests) to challenge the lis pendens in the trial court. We do not reach that claim, however, because an order expunging a lis pendens is not appealable. Accordingly, we must dismiss the appeal.

STATEMENT OF THE CASE

In July 2023, Glassman filed the underlying lawsuit against the Bests, asserting causes of action for breach of written contract and declaratory relief.

A detailed recitation of the facts is unnecessary to resolving this appeal, but the gist is this: Glassman entered into an escrow contract to purchase the Bests' residence. Glassman took the position that a contingency of escrow was that Glassman's house would first sell. The Bests contend the escrow contract had no such contingency. Glassman's home did not sell prior to the closing date of escrow. When Glassman did not complete the purchase of the Bests' home by the end of escrow, the Bests cancelled the escrow and kept Glassman's deposit of $180,000. Glassman sued to either close escrow or recover the deposit.

Shortly after filing his complaint, Glassman filed a notice of pendency of action, which he recorded.

Not long afterward, Glassman filed a motion to stay the proceeding pending arbitration, citing an arbitration provision in the escrow contract.

2

A few days later, the Bests filed a motion to expunge the lis pendens. The court granted the motion. The court concluded that Glassman had not shown a probability of prevailing on the merits. The court awarded the Bests $8,145.90 in attorney fees. Glassman appealed from the minute order expunging the lis pendens.

## DISCUSSION

An order expunging a lis pendens is not appealable. Code of Civil Procedure section 405.39, which is found in the chapter that governs motions to expunge a lis pendens, states, "*No order or other action of the court under this chapter shall be appealable.* Any party aggrieved by an order made on a motion under this chapter may petition the proper reviewing court to review the order by writ of mandate. The petition for writ of mandate shall be filed and served within 20 days of service of written notice of the order by the court or any party." (Italics added.) In short, the only way to challenge a trial court's order expunging a lis pendens is by writ, which Glassman did not do.

Accordingly, we have no jurisdiction to entertain this appeal and must dismiss it. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment."].)

## DISPOSITION

The appeal is dismissed. The Bests shall recover their costs incurred on appeal.



SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.